| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. [ 26 ], filed September 27, 2019)

## I. INTRODUCTION AND BACKGROUND

Plaintiff Click 2 Refund Inc. ("Click") filed this action against defendant British Airways PLC ("BA") on May 13, 2019 in California Superior Court. Dkt. 1, Exhibit A ("Compl."). Click brought the suit on behalf of alleged assignees Lars Hennig, Megan Dichter, Frida Hennig, and Benno Hennig, BA passengers (the "Passengers"), who, Click alleges, incurred damages as a result of a last-minute flight cancellation by BA. Specifically, Click claims that BA cancelled the Passengers' flight from Berlin to London on February 22, 2019, causing them to miss their connecting flight from London to Boston, and arrive at their final destination more than four hours late on a substitute flight. Pursuant to European Union Regulation 261/2004, 2004 O.J. (L 46) 1(EC) ("EU 261")— a consumer-protection regulation promulgated by the European Parliament setting standardized compensation rates ranging from € 250 to € 600 (depending on flight distance) for cancellations and long delays of flights departing from airports located within EU Member States—Click contends that the Passengers are entitled to a refund in the amount of $2,684.64. See Compl. at 3. BA denies that allegation, and argues that the Passengers' flight was not cancelled, but merely delayed by adverse weather conditions, since the Passengers ultimately arrived at their destination. Dkt. 26-1 ("Mot.") at 2.

BA removed the action to this Court on June 20, 2019 on grounds that the dispute arises from conduct covered by Article 19 of the Montreal Convention ("Article 19"), an international treaty to which the United States is a party. Dkt. 1 ("Removal"), ¶¶ 7-11. The Court issued an Order to Show Cause on August 21, 2019. Dkt. 18 ("OSC"). BA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
|---|---|---|---|
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

responded to the OSC on September 3, 2019, asserting that Article 19 preempts any EU 261 claim in cases regarding the delay of passengers in international transportation. Dkt. 19 ("OSC Response"). The Court discharged the OSC on September 4, 2019. Dkt. 20.

BA filed the instant motion for judgment on the pleadings on September 27, 2019. See Mot. at 1. BA contends that it is entitled to judgment because Click has not alleged facts establishing that it is a real party in interest eligible to bring suit pursuant to Federal Rule of Civil Procedure 17(a), and because Click has not alleged facts that state a claim pursuant to Article 19. Mot. at 6–13. Click filed an opposition to BA's motion on October 7, 2019. Dkt. 27 ("Click Opp."). BA filed a reply on October 11, 2019. Dkt. 30, ("BA Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

## III. DISCUSSION

BA asserts that it is entitled to judgment on the pleadings because Click fails to establish that it is a real party in interest entitled to pursue this action pursuant to Rule 17,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
|---|---|---|---|
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

and because Click fails to state a claim pursuant to Article 19 of the Montreal Convention. The Court addresses each argument in turn.

### A. Real Party In Interest

Federal Rule of Civil Procedure 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "[T]he modern function of the rule . . . is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata." Wright & Miller, Fed. Prac. & Proc Civ. § 1544 (3d ed. 2019) ("Wright & Miller") (citing Advisory Committee Note, Fed. R. Civ. P. 17).

The Ninth Circuit has held that Rule 17(a) "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986). This includes a party that is assigned an interest in a claim originally held by an assignor. See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 285 (2008) (holding that "where assignment is at issue, courts—both before and after the founding—have always permitted the party with legal title alone to bring suit"); see also Wright & Miller, § 1545 (explaining that an "assignee" is typically "the owner of any claim" it is assigned "and should be treated as the real party in interest under Rule 17(a)").

Click claims an entitlement to prosecute this action as the Passengers' assignee, citing to certificates of authorization that each of the Passengers executed conferring authority upon Click to bring suit. See Opp. at 10 (citing Cal. Civil Code § 954, which states that "[a] thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner" to an assignee). In substance and effect, these certificates—the only basis for assignment that Click asserts—grant Click "power of attorney" "to institute claims" on the Passengers' behalf. See Compl. at 36–37 (attaching copies of executed "power of attorney" authorizations granting Click "the power to institute claims"). BA contends that this authorization is inadequate to establish that Click is a real party in interest.

The Court agrees with BA. "A person authorized to bring suit solely on the basis of a power of attorney is not a real party in interest" pursuant to Rule 17(a), and "courts have uniformly denied such a party the right to sue in its own name." Airlines Reporting Corp. v. S & N Travel, Inc., 857 F. Supp. 1043, 1046–47 (E.D.N.Y. 1994), aff'd, 58 F.3d 857

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

(2d Cir. 1995) (concluding that agent merely assigned power of attorney was not entitled to bring suit on behalf of air carriers in its own name); accord W. All. Bank v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, No. 15-CV-03429-PSG, 2016 WL 641648, at *3 (N.D. Cal. Feb. 18, 2016) (quoting Airlines Reporting to conclude the same); see generally Wright & Miller, § 1545 (explaining that "the mere transfer of a general power of attorney . . . does not create a sufficient interest" to satisfy Rule 17(a), and that in such circumstances "the grantor of the power remains the only real party in interest"). BA's motion for judgment on the pleadings is accordingly **GRANTED** without prejudice. Click shall be permitted to amend to add real parties in interest to its complaint.

### B. Failure To State A Claim

BA also moves for judgment on the pleadings on grounds that, even if averred in the name of a real party interest entitled to bring suit, the facts alleged in the complaint fail to state a claim for relief pursuant to Article 19. Mot. at 9–13. Click responds that its claims arise under EU 261, not Article 19, and that it alleges facts sufficient to state a claim under that provision. As discussed below, the Court concludes that (i) EU 261 is not enforceable in the United States, (ii) Article 19 preempts any state law claim otherwise supported by Click's allegations, and (iii) Click fails to state a claim for relief pursuant to Article 19.

#### 1. EU 261 Is Not Enforceable In The United States

Although the Ninth Circuit has yet to consider whether EU 261 may be judicially enforced in the federal courts, the question was presented to the Seventh Circuit in Volodarskiy v. Delta Airlines, Inc., 784 F.3d 349 (7th Cir. 2015). That case involved several air travelers who sued Delta Airlines "seeking compensation for themselves and a nationwide class of persons who were inconvenienced when their flights from airports located in the European Union were delayed for more than three hours or cancelled on short notice." Id. at 349-50. The plaintiffs claimed that they were entitled to direct relief because Delta's conduct violated the requirements of EU 261.[1] On appeal of the district

---

[1] The Volodarskiy plaintiffs abandoned an additional theory that a provision of Delta's carrier agreement incorporated EU 261 as a contract term, such that Delta's conduct amounted to a breach of contract. Id. at 350. In a subsequent case, the Seventh Circuit acknowledged the possibility that a plaintiff might bring such a claim, but concluded that it would almost certainly fail. See Baumeister v. Deutsche Lufthansa, AG, 811 F.3d 963, 966 (7th Cir. 2016) (Posner, J.) (positing that "a promise to abide by [EU 261]" probably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

court's order dismissing the case on grounds that EU 261 could not be enforced outside EU member states, the Seventh Circuit affirmed. The panel held that "the text and structure of the regulation indicate that passenger claims for compensation due from air carriers are limited to administrative bodies and courts in EU Member States," and also found that "asking a U.S. court to wade into an area of EU law that is fraught with uncertainty risks offending principles of international comity," particularly because "U.S. courts cannot certify questions of EU law to the" European Court of Justice. Id. at 353-57.

The Court finds the Seventh Circuit's reasoning persuasive, and joins the district courts that have relied on Volodarskiy to dismiss claims to enforce EU 261 in the United States. See, e.g., Kogan v. Scandinavian Airlines Sys., 253 F. Supp. 3d 1022, 1024 (N.D. Ill. 2017) ("EU 261, a regulation setting forth a framework for ensuring that passengers are adequately compensated for flight delays and cancellations, is not directly enforceable in United States courts."); Bytska v. Swiss Int'l Air Lines, Ltd., No. 15-CV-483, 2016 WL 792314, at *2 (N.D. Ill. Mar. 1, 2016) ("This Circuit has unequivocally stated that direct actions to enforce EU 261 rights are limited to courts in the EU Member States."). BA's motion for judgment on the pleadings as to Click's claim to enforce EU 261 is accordingly **GRANTED** with prejudice.

### 2. The Montreal Convention Preempts Click's Delay Claims

Although Click's EU 261 claim must be dismissed, the Court nevertheless considers whether the facts alleged in the complaint might state any other claim for relief.

The threshold question is whether Click alleges any facts to support a claim that is not encompassed by the Montreal Convention. The Supreme Court has held that the Montreal Convention—and its predecessor treaty, the Warsaw Convention—substantively "precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 175 (1999); see also Fadhliah v. Societe Air France, 987 F. Supp. 2d 1057, 1061-

---

could not "be enforced in U.S. courts given our holding in Volodarskiy that the regulation can be enforced only in European courts or agencies."). The Court agrees with the analysis in Baumeister. Accordingly, to the extent that Click alleges that EU 261 is incorporated in BA's carrier agreement with the Passengers, and that BA breached that agreement, those allegations fail to state a claim for the same reasons that Click's direct EU 261 claim fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

63 (C.D. Cal. 2013) (citing El Al Israel Airlines and concluding that the Montreal Convention completely preempts state law claims within its ambit).

Relevant here, the Montreal Treaty applies to claims for travel delay. See Chattopadhyay v. Aeroflot Russian Airlines, No. 11-CV-00443 MMM (RZx), 2011 WL 13220279, at *10 (C.D. Cal. Aug. 17, 2011) ("When a plaintiff simply suffers a travel delay, his claims falls within the scope" of Article 19) (citing, inter alia, Paradis v. Ghana Airways Ltd., 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004), aff'd, 194 F. App'x 5 (2d Cir. 2006)). By contrast, "claims based on non-performance are not preempted by the Montreal Convention." Id. at *9; see, e.g., In re Nigeria Charter Flights Contract Litig., 520 F. Supp. 2d 447, 455 (E.D.N.Y. 2007) ("The plain language of Article 19 of the Montreal Convention indicates that it governs claims for delay, not nonperformance") (citing Wolgel v. Mexicana Airlines, 821 F.2d 442, 444 (7th Cir. 1987) (holding that "the drafters of the Convention did not intend the word 'delay' in Article 19 to extend to claims . . . that arise from the total nonperformance of a contract")). "Courts have only found total nonperformance, however, when an airline refused to transport a passenger to his or her destination." Chattopadhyay, 2011 WL 13220279, at *10 (citing cases).

Here, Click does not allege that BA refused to offer the Passengers carriage to their destination. Rather, Click alleges that BA cancelled Passengers' flight, requiring Passengers to take a substitute flight the following morning that arrived significantly later. Compl. at 33. That is a delay claim, not a claim for nonperformance. See, e.g., Vumbaca v. Terminal One Group Ass'n L.P., 859 F. Supp. 2d 343, 366 (E.D.N.Y. 2012) ("The cases consider 'delay' under Article 19 to mean that the air carrier properly delivered baggage or persons to the appropriate destination but it did so in an untimely manner."). It is immaterial whether Passengers were placed on their later flight at no cost by BA, or if Passengers procured substitute transportation on their own. Either way, the claim is still for delay. See Paradis, 348 F. Supp. 2d at 112 (concluding that plaintiff who "reacted to a delay by immediately procuring substitute transportation and demanding reimbursement from the airline" failed "to state a claim for relief that escapes the preemptive effect of the Conventions" because a "passenger cannot convert a mere delay into contractual non-performance by choosing to obtain more punctual conveyance").

For the foregoing reasons, the Court finds and concludes that Click has alleged a delay claim that must be adjudicated, if at all, pursuant to Article 19 of the Montreal Convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

### 3. Click Fails To State A Claim Pursuant To Article 19

Article 19 provides that a carrier is "liable for damage *occasioned by* delay in the carriage by air of passengers, baggage or cargo." Montreal Convention Art. 19 (emphasis added). Accordingly, the elements of proof are: (1) there was a delay; and (2) that actual damages were caused by that delay. Id.[2]

BA contends that Click fails to state a claim pursuant to Article 19 because "there is no allegation [by Click] that the [P]assengers sustained any economic damages," let alone damages caused by the alleged delay. See Mot. at 12. The Court agrees with BA. The only allegation contained in the complaint that even relates to damages is the conclusory assertion that the Passengers are "entitled to compensation in the sum of €2.400,00" because "they arrived at the final destination more than 4 hours late." Compl. at 33. Click does not allege, for example, that any of the Passengers suffered any out-of-pocket losses, or compensable emotional distress, as a result of the delay. As BA points out, the only damages Click claims is an amount equal to the statutory penalty authorized by EU 261, which is inapplicable here. See supra § III.B.1.

The Court accordingly **GRANTS** BA's motion for judgment on the pleadings to the extent Click alleges a violation of Article 19, without prejudice. Click shall have leave to amend to cure the defects identified with respect to its Article 19 delay claim, if possible.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** BA's motion for judgment on the pleadings. Although Click's EU 261 claim is dismissed with prejudice, Click may, if possible, file an amended complaint to allege facts that satisfy the requirements of Rule

---

[2] The Montreal Convention limits recoverable actual damages caused by delay to "4,150 Special Drawing Rights," which is the equivalent of approximately $5,705.57. See Montreal Convention, Art. 22. The convention also prohibits the recovery of "punitive, exemplary or other non-compensatory damages." Id., Art. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     'O'

| Case No. | 2:19-cv-05399-CAS-SKx | Date | November 18, 2019 |
|---|---|---|---|
| Title | CLICK 2 REFUND INC. v. BRITISH AIRWAYS PLC | | |

17(a), and to state a claim for actual damages pursuant to Article 19 of the Montreal Convention. Any amendment must be filed within 14 days of this order.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |